# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY BEATRICE BYRD, | : | |
| Plaintiff, | : | |
| vs. | : | CA 09-0781-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the motion for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 28; *see also* Doc. 29). Upon consideration of all pertinent materials contained in the file, it is determined that petitioner should receive a reasonable fee in the amount of $15,262.37 under the Social Security Act.

## FINDINGS OF FACT

1.  Gilbert B. Laden, Esquire, has been plaintiff's appointed representative since 2006 and in that capacity has represented her in connection with her claim for disability insurance benefits. (*Compare* Doc. 28, ¶ 4 *with* Doc. 1) Two days prior to the filing of the complaint in this Court (*see* Doc. 1 (complaint filed on December 3, 2009)),

that is, on December 1, 2009, Byrd executed a fee agreement wherein she agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision. (*See* Doc. 29, Federal Court Fee Agreement ("I hereby retain GILBERT B. LADEN [] to represent me in my claim for Social Security benefits in federal court. I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to **my family and me** in the event my case is won. I understand that the attorney fee must be approved by the federal court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration. I understand that the total fee could amount to several thousand dollars or several hundred dollars per hour on an hourly basis. I agree to cooperate in any way that I can so that my attorney's full fee is authorized.") (emphasis added))

2. Following remand proceedings (*see* Doc. 22 (judgment remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to disability insurance benefits commencing July, 2006. (*See* Doc. 29, Notice of Award)

3. The total amount of past-due disability insurance benefits the Social Security Administration determined Ms. Byrd was entitled to receive is $85,049.50. (*See id.* at 2) The Administration withheld twenty-five percent (25%) of past-due benefits due and owing plaintiff, that is, $21,262.37, for payment of attorney's fees. (*Id.*)

4. Petitioner has previously submitted to this Court an itemized statement regarding the time spent before this Court pursuing Byrd's claim. The total time delineated therein is 17.7 hours. (*See* Doc. 23, Affidavit)

5. Petitioner requests that this Court approve an attorney's fee in the amount of $15,262.37, which represents the remainder of 25 % of the past-due benefits to which the Administration has determined Byrd entitled under the Social Security Act, minus the $6,000.00 fee petitioner received from the Administration for services rendered before the Administration,[1] for the 17.7 hours he spent before this Court representing plaintiff. (*See* Doc. 28)

## **CONCLUSIONS OF LAW**

1. Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is

---

[1] The actual amount received by petitioner was $5,917.00 because the SSA subtracted from the approved fee of $6,000.00 a service charge of $83.00. (*Compare* Doc. 29, February 12, 2011 Notice of Award, at 2 ("The Administrative Law Judge approved the fee agreement to charge a fee of 25% or $6,000.00, whichever is less. Because your case went to the court level, your lawyer may request an additional fee for services rendered. After paying the lawyer **$6,000.00** we are holding the balance from the $21,262.37 which represents 25% of $85,049.50 for the period July 2006 through November 2010.") *with* Doc. 29, United States Treasury Check # 2049 97548989 ($5,917.00 paid to Gilbert B. Laden on February 1, 2011))

entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[2] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

2.   The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002). As noted in *Gisbrecht*, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.[3] . . . Within the

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

[3] "The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or
(Continued)

4

25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807, 122 S.Ct. at 1828 (footnote added).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808, 122 S.Ct. at 1828 (internal citations omitted).

3. In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v.*

---

even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht,* 535 U.S. at 795-796, 122 S.Ct. at 1822 (citations omitted).

*Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). *See Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

  4. The Social Security Administration has determined that the past-due benefits to which plaintiff is entitled to receive total $85,049.50 (*see* Doc. 29, Notice of Award, at 2); twenty-five percent (25%) of this amount is $21,262.37 (*id*.). The contingency fee agreement which Byrd entered into on December 1, 2009 contemplates attorney's fees of as much as twenty-five percent (25%) of the past-due benefits awarded claimant following a favorable decision (*see* Doc. 29, Federal Court Fee Agreement) and it is clear to the Court that the amount requested by petitioner herein ($15, 262.37), when combined with the $6,000.00 petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits Byrd has been awarded in this case. Moreover, there is no evidence that petitioner delayed this case in any manner, nor can the Court

find that the requested amount is so large as to be a windfall to the petitioner.[4] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount reasonable. Accordingly, the Court authorizes petitioner to receive, as a fee for services rendered before this Court, the sum of $15,262.37, which, when added to the $6,000.00 petitioner has received from the SSA, represents 25% of the total of past-due disability insurance benefits awarded plaintiff. Upon receipt of this money, plaintiff's counsel must then, of course, refund to the claimant the smaller attorney-fee award made in this case. *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see Watford, supra*, 765 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

---

[4] The request, when broken down, renders an hourly rate of approximately $862.28. Plaintiff clearly recognized, when she executed the Federal Court Fee Agreement on December 1, 2009, that Laden's fee could total as much as "several thousand dollars . . . per hour[.]" (Doc. 29, Agreement) Under these circumstances, the Court finds that the requested amount is not so large as to be a windfall to the petitioner.

## **CONCLUSION**

The Court **ORDERS** that petitioner receive as an attorney's fee for services rendered in this Court the sum of $15,262.37 pursuant to 42 U.S.C. § 406(b). Upon receipt of this award, petitioner is to refund to plaintiff the smaller EAJA attorney-fee award paid in this case (i.e., $3,070.77).

**DONE** and **ORDERED** this the 17th day of February, 2011.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**